**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG I. CHENG,<br><br>    Plaintiff,<br><br>  v.<br><br>Deputy B. MARTIN, #136; Depty O'DELL, #D670; Deputy MOSER, #429; Mental Health Ms. MOLLY; COUNTY OF SAN MATEO; SAN MATEO COUNTY JAIL; SAN MATEO COUNTY SHERIFF'S DEPARTMENT; and Head Nurse MARK,<br><br>    Defendants.                     / | No. C 07-3123 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of the San Mateo County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff contends that defendants Martin and Moser beat him on December 8, 2006, causing him "serious pain[]." He also was denied medical care, but does not say who did that.

He alleges that the next day he tried to commit suicide by swallowing a large quantity of medicine and lapsed into a coma. He alleges that Martin then kicked, beat and choked him. He says that a witness told him that deputy O'Dell did the same. He regained consciousness in a hospital on December 14, 2007. He has provided extensive allegations regarding the injuries he incurred.

He says that after he got back to the jail, defendant Molly, of the Mental Health Department, ignored his plea for treatment and threatened him.

///

1  Plaintiff also alleges that on February 28, 2007, head nurse Mark took his crutches
2  away, although his foot was still seriously swollen and bruised.
3  Plaintiff alleges that the above actions were motivated by racism.
4  Although the above allegations may be sufficient as to the individual defendants,
5  plaintiff has not stated a claim against defendants County of San Mateo, San Mateo County Jail,
6  and the San Mateo County Sheriff's Department.  To establish liability of these local
7  governmental entities, plaintiff must allege that the violations of his constitutional rights were
8  done pursuant to an official policy or custom of the local government.  *See Monell v. Dep't of*
9  *Social Servs.*, 436 U.S. 658, 690 (1978).  Because of this defect, the complaint will be
10 dismissed with leave to amend.

**CONCLUSION**

12 1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty
13 days from the date of this order.  The amended complaint must include the caption and civil
14 case number used in this order and the words AMENDED COMPLAINT on the first page.
15 Because an amended complaint completely replaces the original complaint, plaintiff must
16 include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
17 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.
18 Failure to amend within the designated time will result in the dismissal of these claims.
19 2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
20 informed of any change of address by filing with the clerk a separate paper headed "Notice of
21 Change of Address."  Papers intended to be filed in this case should be addressed to the clerk
22 and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely
23 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
24 pursuant to Federal Rule of Civil Procedure 41(b).
25 **IT IS SO ORDERED.**

27 Dated: April   2  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\CHENG3123.DWLTA.wpd

3