Jeffery Kallis (CA SB# 190028, WA # 28755)
The Law Firm of Kallis & Assoc.
333 W. San Carlos Street, Suite 800
San Jose CA 95110
408.971.4655
408.971.4644 fax
M_J_Kallis@Kallislaw.org

Special Appearance for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

San Francisco

| | |
|---|---|
| CHENG I. CHENG,<br><br>    Plaintiff,<br>vs.<br><br>B. MARTIN, et al.<br><br>    Defendant. | Case # : CV 07- 03123<br><br>MEMORANDUM IN SUPPORT OF THE MOTION TO STAY PROCEEDINGS WHILE THE PLAINTIFF IS CONFINED TO A STATE MENTAL HEALTH FACILITY. |

Plaintiff is currently confined in the State Mental Hospital in Napa California. His commitment was determined to be necessary by the authorities in San Mateo County and in accordance with that determination he was transferred from the San Mateo County Jail to the Napa facility.

Plaintiff presently suffers from a mental disorder that *may* substantially affect his capacity to cooperate with counsel and proceed with his action in this court. Due to his mental condition, Counsel is unable to have the plaintiff sign a letter or representation, or to authorize the release of his medical and criminal records, as any such signature would be circumspect at best.

The law on this issue in the context of a criminal case was clearly set forth in  <u>Colleen</u>

Notice of Motion and Motion For a Stay
Cheng v. Martin et.al.
Page 5 of 9
CV 07-03123 WHA  Northern District of California

<u>Mary ROHAN, ex rel. Oscar GATES</u>, v. <u>Jeanne WOODFORD</u>, 334 F.3d 803. (9th Cir. Northern District CA 2002). Competency has been defined as whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. <u>Dusky v. United States</u>, 362 U.S. 402, 402.

In the case at bar, the plaintiff has been determined to require incarceration in a state mental health hospital due to his mental condition. It was determined that he could not adequately interact with his public defender and could not stand trial. When counsel interviewed the plaintiff, plaintiff was unable to remember salient facts, was confused. (Kallis declaration Paragraph 2) It is clear that at this point plaintiff's competency has been determined to prohibit trial on the criminal charges that placed him in custody, and by extension cannot proceed at this time with his civil case.

To dismiss the civil case at this point for not having filed an amended complaint would be both unfair, and would run counter to the California statute that tolls time when a person is in a mental health facility. Code of Civil Procedure § 352[1].

This Court is asked to stay the July 14th 2008, date for amending the complaint and to order that the plaintiff file an amended the complaint within 21 days of being released from the Napa Mental Health Facility.

Dated: July 2, 2008

The Law Firm of KALLIS & Assoc.

M. Jeffery Kallis, making a limited appearance for Plaintiff

---

[1] Tolling Statute of Limitation Because of Minority or Insanity
 (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action.
 (b) This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code.