United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG I. CHENG, | No. C 07-3123 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE AND PARTIAL DISMISSAL; DENYING PENDING MOTIONS** |
| v. | |
| Deputy B. MARTIN, #136, Deputy O'DELL #D670, Deputy MOSER #429, Mental Health MS. MOLLY, COUNTY OF SAN MATEO, SAN MATEO COUNTY JAIL, SAN MATEO COUNTY SHERIFF'S DEPT., Head Nurse MIKE, | **(Docket Nos. 15 & 16)** |
| Defendants. / | |

**INTRODUCTION**

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended.

**ANALYSIS**

Plaintiff was given leave to amend his original complaint to cure the deficiencies in his claims against the municipal defendants. In his amended complaint, plaintiff again includes as defendants the municipal entities the County of San Mateo, the San Mateo County Jail, and the San Mateo County Sheriff's Department. It was explained to plaintiff that in order to establish

liability of these local governmental entities, he must allege that the violations of his constitutional rights were done pursuant to an official policy or custom of the local government. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

As for the individual defendants, plaintiff alleges, as he did in the original complaint, that defendants Martin and Moser beat him on December 8, 2006. Further, after he tried to commit suicide by swallowing a large quantity of medicine and lapsed into a coma, defendants Martin and O'Dell kicked, beat and choked him. He says that a witness told him that deputy O'Dell did the same. He alleges that after he returned to the jail from the hospital, defendant Molly, of the Mental Health Department, ignored his plea for adequate medical treatment and threatened him. Plaintiff also alleges that on February 28, 2007, head nurse Mike took his crutches away, although his foot was still seriously swollen and bruised. Plaintiff alleges that the above actions were motivated by racism.

When liberally construed, plaintiff's allegations state a cognizable claim for the violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment and the Fourteenth Amendment to due process and to the equal protection of the laws.

**CONCLUSION**

1. The claims against defendants San Mateo County, San Mateo County Jail, and San Mateo County Sheriff's Department are **DISMISSED** for failure to state a claim for relief.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendants: the Deputy B. Martin, #136; Deputy O'Dell #D670; Deputy Moser #429; Nurse Ms. Molly; and Head Nurse Mike, all at the San Mateo County Jail. The clerk shall also serve a copy of this order on the plaintiff, and a courtesy copy of the order on the San Mateo County Counsel.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than ninety days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by

1  adequate factual documentation and shall conform in all respects to Federal Rule of Civil
2  Procedure 56, and shall include as exhibits all records and incident reports stemming from the
3  events at issue. If defendants are of the opinion that this case cannot be resolved by summary
4  judgment, they shall so inform the court prior to the date their summary judgment motion is
5  due. All papers filed with the court shall be promptly served on the plaintiff.

6        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
7  court and served upon defendants no later than thirty days from the date of service of the
8  motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
9  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
10  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

11      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
12  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
13  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
14  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
15  *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

16        c. If defendants wish to file a reply brief, they shall do so no later than fifteen
17  days after the date of service of the opposition.

18        d. The motion shall be deemed submitted as of the date the reply brief is due.
19  No hearing will be held on the motion unless the court so orders at a later date.

20      4. All communications by the plaintiff with the court must be served on defendants, or
21  defendants' counsel once counsel has been designated, by mailing a true copy of the document
22  to defendants or defendants' counsel.

23      5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
24  informed of any change of address and must comply with the court's orders in a timely fashion.
25  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
26  Federal Rule of Civil Procedure 41(b).

27  //
28  //

//

6. Plaintiff's motion for appointment of counsel is (docket number 16) is **DENIED** for want of unusual circumstances. It may be renewed if the case comes to trial. His motion to proceed in forma pauperis (docket number 15) is **DENIED** as unnecessary.

**IT IS SO ORDERED.**

Dated:   September 15, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\CHENG3123.SRV.wpd

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.